## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**TOM OLSEN and NAOMI OLSEN,**

     **Plaintiffs,**

**v.**                                        **No. CIV-03-207 JP/JHG**

**STATE OF NEW MEXICO DEPARTMENT
OF EDUCATION, DIVISION OF VOCATIONAL
REHABILITATION, et al.,**

     **Defendants.**

## MEMORANDUM OPINION AND ORDER

On April 11, 2003, Defendants New Mexico Department of Education, Division of Vocational Rehabilitation; Michael Davis; Terry Brigance; Lena Trujillo Chavez; Larry Borrego; Anthony Lujan; Charles White; Lee Martinez; Karen Provine; Nadine Wells; Judith Tesse Tanner; and Elizabeth Emerson ("State Defendants") filed a motion to dismiss Plaintiffs' constitutional claims, state tort claims, and Americans with Disabilities Act ("ADA") claims based on Eleventh Amendment and sovereign immunity (Doc. No. 10).[1]  Plaintiffs have not filed a response in opposition to this motion within the time permitted by the rules of this Court.  D.N.M.LR-Civ. 7.6(a).  Consequently, Plaintiffs are deemed to have consented to the granting of the motion. D.N.M.LR-Civ. 7.1(b).  Moreover, having reviewed Plaintiffs' complaint, the State Defendants' motion, and the relevant case law, the Court has determined that the State Defendants' motion to dismiss should be granted on its merits.

---

[1]Defendant Jose Torres, the contract agent for the Department of Vocational Rehabilitation, is not a party to the State Defendants' motion to dismiss.

I.      **Background**

Plaintiffs, who are appearing pro se, filed suit against the New Mexico Department of Education, Division of Vocational Rehabilitation; Lee Martinez in his individual and official capacity; Jose Torres, the contract agent for the Department of Vocational Rehabilitation; and various other state employees in their official capacities.  Plaintiffs allege around thirty causes of action against the Defendants.  Despite the vast number of legal claims brought by Plaintiffs, the thrust of Plaintiffs' complaint is that the Defendants allegedly denied Plaintiffs, who are recipients of Social Security benefits, appropriate assistance under the Ticket to Work and Work Incentives Improvement Act of 1999 ("Ticket to Work Act").  Pub. L. No. 106-170, 113 Stat. 1860.

The State Defendants argue that Plaintiffs' constitutional claims, state tort claims, and ADA claims against the State Defendants are barred by the Eleventh Amendment.[2]  The State Defendants also contend that Plaintiffs' state tort causes of action should be dismissed under the New Mexico Tort Claims Act because the State of New Mexico has not waived its sovereign immunity with respect to Plaintiffs' asserted state tort claims.

II.     **Discussion**

A.      **Eleventh Amendment Immunity**

Under the Eleventh Amendment, an unconsenting State is immune from suit in federal court.  Edelman v. Jordan, 415 U.S. 651, 662-63 (1974).  Eleventh Amendment immunity extends to the state, its instrumentalities, and its officers in their official capacities.  See Meade v. Grubbs, 841 F.2d 1512, 1525 (10th Cir. 1988).  This jurisdictional bar applies absent a state waiver of

---

[2]The State Defendants admit, however, that Plaintiffs' 42 U.S.C. § 1983 claim against Defendant Lee Martinez in his individual capacity is not barred by the Eleventh Amendment.

sovereign immunity or abrogation by Congress under section 5 of the Fourteenth Amendment.
Ellis v. Univ. of Kansas Medical Center, 163 F.3d 1186, 1195-96 (10th Cir. 1998).  The State of
New Mexico has not waived its immunity from suit in federal court.  Jackson v. Central New
Mexico Correctional Facility, 976 F.2d 740 **1 (10th Cir. 1992) (unpublished decision);
Wojciechowski v. Harriman, 607 F.Supp. 631, 634 (D.N.M. 1985) (citing NMSA 1978 § 41-4-4F
(1976)).

Plaintiffs brought a number of constitutional claims against the State Defendants under 42
U.S.C. § 1983.  The Supreme Court has held that Congress did not intend to abrogate a state's
immunity to suit in § 1983 actions.  Quern v. Jordan, 440 U.S. 332, 345 (1979).  Moreover,
§ 1983 does not provide a cause of action for suits against states or state officials acting in their
official capacities.  Hafer v. Melo, 502 U.S. 21, 25-26 (1991) (quoting Will v. Michigan Dep't of
State Police, 491 U.S. 58, 71 (1989)).  Plaintiffs are, therefore, barred from bringing § 1983
claims against the New Mexico Department of Education, Division of Vocational Rehabilitation,
and the individual State Defendants sued in their official capacities.[3]  See Will, 491 U.S. at 66
("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does
not provide a federal forum for litigants who seek a remedy against a State for alleged
deprivations of civil liberties.  The Eleventh Amendment bars such suits unless the State has
waived its immunity.").  Hence, Plaintiffs' constitutional claims against the New Mexico
Department of Education, Division of Vocational Rehabilitation, must be dismissed as well as

---

[3]This Court need not engage in an analysis of whether the New Mexico Department of
Education, Division of Vocational Rehabilitation, is an arm of the state because Plaintiffs have not
contested the issue.

3

Plaintiffs' constitutional claims against the individual State Defendants sued in their official capacities to the extent that Plaintiffs seek money damages.

Plaintiffs also have sued Defendant Lee Martinez in his individual capacity. State officials sued in their individual capacities are "persons" within the meaning of § 1983, and thus are subject to suit. Hafer, 502 U.S. at 31. The Eleventh Amendment does not bar a federal court action under § 1983 against state officials sued in their individual capacities. Id. Nor does the Eleventh Amendment bar suits in federal court under § 1983 for prospective injunctive relief against state officials sued in their official capacities, even though the state is immune. J.B. ex rel. Hart v. Valdez, 186 F.3d 1280, 1286 (10th Cir. 1999) (quoting Elephant Butte Irrigation Dist. of New Mexico v. Dep't of the Interior, 160 F.3d 602, 607-08 (10th Cir. 1998), *cert. denied*, 526 U.S. 1019 (1999)). Hence, the Eleventh Amendment does not bar Plaintiffs' § 1983 claims against Defendant Lee Martinez in his individual capacity or Plaintiffs' § 1983 claims for prospective injunctive relief against the various state officials in their official capacities.

Additionally, Plaintiffs sued the State Defendants for a multitude of state law claims. Federal courts, however, have no jurisdiction to entertain state law claims seeking monetary or equitable relief against the state or state officials. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 106 (1984) ("[I]t is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law . . . . We conclude that *Young* and *Edelman* are inapplicable in a suit against state officials on the basis of state law."); Bishop v. Doe 1, 902 F.2d 809, 810 (10th Cir. 1990) (holding that Eleventh Amendment barred plaintiff from pursuing state law cause of action in federal court because State of New Mexico did not waive immunity from suit in federal court); Dominguez v. Fort Bayard

4

<u>Medical Center</u>, No. 98-320 JP/RLP (D. N.M. Sept. 30, 1998) (dismissing plaintiff's state law claims for breach of contract and breach of covenant of good faith and fair dealing for lack of subject matter jurisdiction under Eleventh Amendment).  Plaintiffs have failed to demonstrate that the State waived Eleventh Amendment immunity for Plaintiffs' state law claims and have failed to cite any laws of Congress that abrogate the State's Eleventh Amendment immunity for these claims.  Therefore, all of Plaintiffs' state law claims asserted in this federal court action against the New Mexico Department of Education, Division of Vocational Rehabilitation, and the state officials sued in their official capacities are barred by the Eleventh Amendment and must be dismissed.

Furthermore, Plaintiffs' ADA claims against the New Mexico Department of Education, Division of Vocational Rehabilitation, and the state officials sued in their official capacities are barred by the Eleventh Amendment.  <u>Bd. of Trustees of Univ. of Alabama v. Garrett</u>, 531 U.S. 356, 374 (2001).

B.     **Tort Claims Act**

The State Defendants also argue that all Plaintiffs' tort claims must be dismissed under the New Mexico Tort Claims Act, NMSA 1978, §§ 41-4-1 to -27 (1976). The Tort Claims Act grants immunity from tort liability to state agencies and state officials acting within the scope of their duties, unless an explicit waiver of immunity has been provided by the Act.  <u>Id.</u> § 41-4-4(A). Plaintiffs have not established, and the Court has not found, that any of the exceptions under the Tort Claims Act waive immunity for Plaintiffs' numerous state law claims.  <u>Cf.</u> § 41-4-5 to -12 (waiving immunity for, among other things, negligent operation or maintenance of motor vehicles, buildings, airports, public utilities, medical facilities, highways and streets, and for health care

providers and law enforcement officers).  Moreover, Plaintiffs' complaint does not allege that any

of the State Defendants were acting outside the scope of their employment when committing the

alleged torts.  Rather, all of Plaintiffs' allegations of tortious acts by the State Defendants relate to

the State Defendants' actions in denying or delaying Plaintiffs the receipt of services under the

Ticket to Work Act.  Therefore, the Tort Claims Act bars all state tort claims against the State

Defendants.

IT IS THEREFORE ORDERED that:

1.      The State Defendants' motion to dismiss (Doc. No. 10) is GRANTED on its

merits and on the basis of Plaintiffs' consent to the granting of the motion.

2.      The following claims should be dismissed without prejudice against Defendant

New Mexico Department of Education, Division of Vocational Rehabilitation, and against

Defendants Michael Davis, Terry Brigance, Lena Trujillo Chavez, Larry Borrego, Anthony Lujan,

Charles White, Lee Martinez, Karen Provine, Nadine Wells, Judith Tesse Tanner, and Elizabeth

Emerson in their official capacities, to the extent Plaintiffs request money damages, based on lack

of subject matter jurisdiction under the Eleventh Amendment: (a) Plaintiffs' § 1983 claims; (b)

Plaintiffs' First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment claims; (c) Plaintiffs'

ADA claims; and (d) all of Plaintiffs' state law claims, including bad faith and fair dealing, breach

of contract, "intentional and unintentional interference with pending civil action(s) by spoliation of

evidence," abuse of process, interference with prospective business advantage, loss of consortium,

defamation, slander, malicious violation of court orders regarding privilege and confidentiality,

malpractice, malfeasance, and unconscionability.

3.      All of Plaintiffs' state tort claims, which include "intentional and unintentional interference with pending civil action(s) by spoliation of evidence," abuse of process, interference with prospective business advantage, loss of consortium, defamation, slander, malicious violation of court orders regarding privilege and confidentiality, malpractice, malfeasance, and unconscionability, should also be dismissed without prejudice against Defendant Lee Martinez in both his individual and official capacities, against Defendant New Mexico Department of Education, Division of Vocational Rehabilitation, and against Defendants Michael Davis, Terry Brigance, Lena Trujillo Chavez, Larry Borrego, Anthony Lujan, Charles White, Karen Provine, Nadine Wells, Judith Tesse Tanner, and Elizabeth Emerson in their official capacities, based on lack of subject jurisdiction under the New Mexico Tort Claims Act.


_____
CHIEF UNITED STATES DISTRICT JUDGE