IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**TOM OLSEN and NAOMI OLSEN,**

    **Plaintiffs,**

v.                                                        No. CIV-03-207 JP/JHG

**STATE OF NEW MEXICO DEPARTMENT
OF EDUCATION, DIVISION OF VOCATIONAL
REHABILITATION, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

On February 12, 2003, Plaintiffs, who are appearing *pro se*, filed their complaint alleging around thirty causes of action. On June 10, 2003, this Court dismissed a number of Plaintiffs' claims without prejudice based on the Eleventh Amendment and sovereign immunity. (Doc. No. 12 and 13). This matter comes before the Court *sua sponte*. See Phillips v. Public Service Co. of New Mexico, 58 Fed. Appx. 407, 2003 WL 191461 *1-*2 (10th Cir. 2003) (unpublished decision) (district court can *sua sponte* dismiss complaint without prejudice under Rule 12(b)(6)); Double v. United States, 149 F.3d 1190 *1-*2 (10th Cir. 1998) (decision to dismiss action without prejudice for failure to comply with Rule 8 is within sound discretion of district court). Having reviewed Plaintiffs' *pro se* complaint liberally as required by Haines v. Kerner, 404 U.S. 519, 520 (1972), this Court finds that Plaintiffs' claims under 42 U.S.C. §§ 1981, 1985, 1986, 2000e-2, and 2000e-5; RICO; 15 U.S.C. §§ 1 and 2; the First, Fourth, Fifth, Sixth, and Eighth Amendments; and for bad faith and fair dealing and breach of contract should be dismissed

without prejudice under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

I.   **Legal Standard**

Plaintiffs claims should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that Plaintiffs can prove no set of facts in support of their claims. David v. City and County of Denver, 101 F.3d 1334, 1352 (10th Cir. 1996). All reasonable inferences raised in the pleadings are resolved in favor of plaintiff. Dill v. City of Edmond, 155 F.3d 1193, 1201 (10th Cir. 1998). Although a court must liberally construe *pro se* pleadings, *pro se* status does not excuse a litigant from his or her obligation to comply with the fundamental requirements of the Federal Rules of Civil Procedure. Ogden v. San Juan County, 32 F.3d 452, 455 (10th Cir. 1994). Additionally, a broad reading of the complaint does not relieve a *pro se* plaintiff the burden of alleging sufficient facts upon which a recognized legal claim could be based. Riddle v. Mondragon, 83 F.3d 1197, 1202 (10th Cir. 1996).

II.  **Discussion**

Plaintiffs allege discrimination claims against the Defendants under 42 U.S.C. §§ 1981, 1985(3), 1986, 2000e-2, and 2000e-5. Plaintiffs allege that Defendant Lee Martinez denied and delayed Plaintiffs the receipt of services under the Ticket to Work and Work Incentives Improvement Act of 1999 ("Ticket to Work Act"), Pub. L. No. 106-170, 113 Stat. 1860, based on "racial, sexual/gender and class discrimination" because Plaintiff Naomi Olsen "is a Caucasian, holder of a graduate degree, and a women [sic]." Complaint at 13. Plaintiffs' allegations, however, fail to state a claim of discrimination under any of these sections.

Section 1981 prohibits racial discrimination in "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981.  Plaintiffs claim that Defendant Martinez discriminated against them in denying them services under the Ticket to Work Act.  Plaintiffs, however, do not allege the existence of any sort of contractual relationship.  Plaintiffs, thus, have failed to allege sufficient facts to support a claim against Defendants for discrimination in a contractual relationship under § 1981.

Section 1985(3) forbids two or more persons from conspiring to interfere with civil rights. 42 U.S.C. § 1985.  Plaintiffs assert that Defendant Martinez discriminated against Plaintiffs "in furtherance of his private conspiracy and agenda."  Complaint at 12-13.  However, Section 1985(3) requires a conspiracy between "two or more persons," and Plaintiffs do not allege that Defendant Martinez conspired with any other person to deprive Plaintiffs of their civil rights. Plaintiffs, therefore, have not asserted sufficient facts of a conspiracy in order to state a claim under § 1985(e).

Section 1986 provides a cause of action against persons who neglect to prevent a violation of 42 U.S.C. § 1985.  42 U.S.C. § 1986.  As Plaintiffs have failed to state a claim under § 1985 and have failed to allege any negligence on the part of any of the Defendants in failing to prevent an alleged § 1985 violation, Plaintiffs' § 1986 claim fails to state a claim upon which relief can be granted.

Sections 2000e-2 and 2000e-5 prohibit racial and sexual discrimination in employment and provide enforcement mechanisms to prevent such discrimination.  42 U.S.C. § 2000e-2 and 2000e-5.  Plaintiff Naomi Olsen alleges that the Defendants discriminated against her on the basis

of her race and sex in denying and delaying her services under the Title to Work Act. Plaintiffs, however, do not allege that Defendants failed or refused to hire or provide adequate training to Plaintiff Naomi Olsen for employment with the State itself.  Plaintiffs fail to state a claim under either § 2000e-2 or § 2000e-5 because Plaintiffs failed to allege that the State of New Mexico is Plaintiff Naomi Olsen's employer within the meaning of these statutes.

Additionally, Plaintiffs generally allege violations of their First, Fourth, Fifth, Sixth, and Eighth Amendment rights.  These claims are frivolous and utterly without merit.  Plaintiffs provide absolutely no factual support for these claims.  Thus, Plaintiffs' First, Fourth, Fifth, Sixth, and Eighth Amendment claims should be dismissed.

Plaintiffs also generally allege that the Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 *et seq*.  To state a claim under RICO, a plaintiff must allege all elements of a RICO violation: (1) conduct, (2) of an enterprise, (3) through a pattern, (4) of racketeering activity.  Burdett v. Harrah's Kansas Casino Corp., __ F.Supp.2d __, 2003 WL 21018515 (D. Kan. 2003).  Plaintiffs have not alleged any facts that meet any of these elements.  Therefore, Plaintiffs' RICO claim must be dismissed.

Plaintiffs also list claims under 15 U.S.C. § 1 and 2 in the caption of their complaint. 15 U.S.C. § 1 forbids restraints of trade and commerce.  15 U.S.C. § 2 prohibits monopolies and combinations in restraint of trade.  These claims are also frivolous and utterly without merit. Plaintiffs have not alleged any facts to support these claims, and thus, these claims should be dismissed.

As to Plaintiffs' claims of bad faith and fair dealing and breach of contract against Defendant Martinez in his individual capacity, Plaintiffs have failed to allege the existence of any

4

sort of agreement or contract between Plaintiffs and Defendant Martinez that would give rise to such claims.  See Bourgeous v. Horizon Healthcare Corp., 117 N.M. 434, 872 P.2d 852 (1994) (duty of good faith and fair dealing attaches to every contract).  Plaintiffs' allegations are not sufficient to place Defendants on notice of what the alleged contract is, what the terms of the purported contract are, and when the alleged contract was formed.  Therefore, Plaintiffs' claims of bad faith and fair dealing and breach of contract against Defendant Martinez in his individual capacity should be dismissed under FED. R. CIV. P. 12(b)(6).

    IT IS THEREFORE ORDERED that:

1.    Plaintiffs' discrimination claims under 42 U.S.C. § 1981, 1985, 1986, 2000e-2, and 2000e-5 should be dismissed without prejudice as to all Defendants.

2.    Plaintiffs' RICO claims and claims under 15 U.S.C. §§ 1 and 2 should be dismissed without prejudice as to all Defendants.

3.    Plaintiffs' First, Fourth, Fifth, Sixth, and Eighth Amendment claims, as well as Plaintiffs' claims of bad faith and fair dealing and breach of contract, against Defendant Lee Martinez in his individual capacity should be dismissed without prejudice.

_____
CHIEF UNITED STATES DISTRICT JUDGE