IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**TOM OLSEN and NAOMI OLSEN,**

    **Plaintiffs,**

v.                                                                                      No. CIV-03-207 JP/JHG

**STATE OF NEW MEXICO DEPARTMENT
OF EDUCATION, DIVISION OF VOCATIONAL
REHABILITATION, et al.,**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

On February 12, 2003, Plaintiffs, who are appearing *pro se*, filed their complaint alleging around thirty causes of action. On June 10, 2003, this Court dismissed a number of Plaintiffs' claims without prejudice based on the Eleventh Amendment and sovereign immunity. (Doc. No. 12 and 13). On June 16, 2003, this Court *sua sponte* dismissed without prejudice Plaintiffs' claims under 42 U.S.C. §§ 1981, 1985, 1986, 2000e-2, and 2000e-5; RICO, 15 U.S.C. §§ 1 and 2; the First, Fourth, Fifth, Sixth, and Eighth Amendments; and Plaintiffs' claims for bad faith and fair dealing and breach of contract. (Doc. No. 14 and 15). On July 7, 2003, Plaintiffs filed a Late Opposition to Defendant's Motion and Second Notice of New Address (Doc. No. 18) and a Request for Rehearing and/or Reconsideration or Clarification of Status (Doc. No. 17). Having considered the briefs and the relevant law, the Court finds that Plaintiffs' motion for reconsideration should be denied.

A.     **Standard**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. Computerized Thermal Imaging, Inc. v. Bloomberg, L.P., 312 F.3d 1292, 1296 n.3 (10th Cir. 2002) (citing Clough v. Rush, 959 F.2d 182, 186 n.4 (10th Cir. 1992)).  Instead, a motion to reconsider is considered to be a motion to alter or amend the judgment under FED. R. CIV. P. 59(e) if it is filed within 10 days of the entry of judgment.  Id.  If the motion to reconsider is filed more than 10 days after the entry of judgment, it is considered to be a motion for relief from judgment under FED. R. CIV. P. 60(b).  Id.  In this case, Plaintiffs filed their motion for reconsideration more than 10 days after the Court entered the final partial orders of dismissal. Consequently, the Court will treat Plaintiffs' motion for reconsideration as a Rule 60(b) motion.

Under Rule 60(b), a party may obtain relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment.  FED. R. CIV. P. 60(b).  Rule 60(b) relief, however, is "extraordinary and may only be granted in exceptional circumstances."  Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc., 909 F.2d 1437, 1440 (10th Cir. 1990).  The decision whether to grant Rule 60(b) relief is discretionary.  Servants of Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir. 2000).

B.     **Discussion**

Plaintiffs contend that their motion to reconsider should be granted for essentially two reasons.  First, Plaintiffs argue that they were unable to respond initially to Defendants' motion to

dismiss because Plaintiff Tom Olsen was hospitalized with a severe illness.  The Court, however, granted Defendants' motion to dismiss on its merits after considering the relevant case law, and not simply because of Plaintiffs' failure to respond.  Thus, Plaintiff Tom Olsen's illness is not a sufficient basis to grant Plaintiffs' motion to reconsider.  Nevertheless, the Court will consider Plaintiffs' late response in ruling on Plaintiffs' motion to reconsider.

Second, Plaintiffs assert that the State of New Mexico waived its immunity defenses by its "acceptance of federal funds under the federal acts cited."  Plaintiffs cite the following federal acts under which the State of New Mexico allegedly accepted federal funds:  the Ticket to Work and Work Incentives Improvement Act of 1999 ("Ticket to Work Act"), Pub. L. No. 106-170, 113 Stat. 1860; the Social Security Act of 1965; the Administrative Procedures Act; the Americans with Disabilities Act; Title VII; and RICO.  The Court interprets Plaintiffs' argument to be a challenge to the Court's dismissal of certain of Plaintiffs' claims under the Eleventh Amendment.[1]  Plaintiffs, however, do not cite any case law or specific statutory provisions to support their argument that the State of New Mexico waived its Eleventh Amendment immunity.  Plaintiffs merely state that they read "a few published cases involving the Federal Rehabilitation Act of

---

[1] In the Court's June 10, 2003 Memorandum Opinion and Order, the Court dismissed the following claims without prejudice based on Eleventh Amendment immunity against Defendant New Mexico Department of Education, Division of Vocational Rehabilitation, and against Defendants Michael Davis, Terry Brigance, Lena Trujillo Chavez, Larry Borrego, Anthony Lujan, Charles White, Lee Martinez, Karen Provine, Nadine Wells, Judith Tesse Tanner, and Elizabeth Emerson in their official capacities:  (a) Plaintiffs' § 1983 claims; (b) Plaintiffs' First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment claims; (c) Plaintiffs' Americans with Disabilities Act claims; and (d) all of Plaintiffs' state law claims, including bad faith and fair dealing, breach of contract, "intentional and unintentional interference with pending civil action(s) by spoliation of evidence," abuse of process, interference with prospective business advantage, loss of consortium, defamation, slander, malicious violation of court orders regarding privilege and confidentiality, malpractice, malfeasance, and unconscionability.

1973 [as amended]" that held that a state can be forced by a federal court to follow a federal program's provisions after the state takes federal money for the program. See Pls.' Late Opposition (Doc. No. 18) at 5-6.

Although a State may waive its Eleventh Amendment protection and consent to suit in federal courts, the test for determining whether a State has waived its immunity is a stringent one. Ellis v. Univ. of Kansas Medical Center, 163 F.3d 1186, 1195 (10th Cir. 1998). Absent an unequivocal waiver specifically applicable to federal-court jurisdiction, a court will not find that the State has waived its immunity. Id. In this case, Plaintiffs have not carried their burden of demonstrating to the Court that the State of New Mexico waived its immunity from suit in federal court as to the aforementioned claims previously dismissed by the Court under the Eleventh Amendment. The Court is thus unable to find that a mistake has been made or that an injustice will result from the operation of the Court's final partial orders of dismissal. Accordingly, the Court determines that Plaintiffs have not shown any exceptional circumstances that warrant relief under Rule 60(b).

IT IS THEREFORE ORDERED that Plaintiffs' Request for Rehearing and/or Reconsideration or Clarification of Status (Doc. No. 17) is DENIED.

_____
CHIEF UNITED STATES DISTRICT JUDGE